FILED

1  STEVEN W. RITCHESON, ESQ (SBN 174062)
   White Field, Inc.

2  9800 D Topanga Canyon Blvd. #347
   Chatsworth, California  91311

3  Telephone: (818) 882-1030
   Facsimile: (818) 337-0383

4  switcheson@whitefieldinc.com

10 DEC - 1 PM 3: 07

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY:_____

5  Attorneys for Plaintiff, GOOSEBERRY NATURAL RESORUCES, LLC

6

7

8                UNITED STATES DISTRICT COURT

9            FOR THE CENTRAL DISTRICT OF CALIFORNIA

10                   LOS ANGELES DIVISION

11

CV10  9220  JHN (CWx)

12  GOOSEBERRY NATURAL RESOURCES,     Case No.
    LLC,

13                                    **COMPLAINT FOR PATENT
                                      INFRINGEMENT**

14                     Plaintiff,
                                      **Jury Trial Demanded**

15            v.

16  ADVANCE MAGAZINE PUBLISHERS, INC.,
    A.H. BELO CORP, COX ENTERPRISES, INC.

17  d/b/a THE ATLANTA JOURNAL-
    CONSTITUTION, DIGG, INC., FARK, INC.,

18  GEEKNET, INC., INTERSERVE, INC. d/b/a
    TECHCRUNCH, INC., NEWSVINE, INC.,

19  RECOMMENDED READING, INC., YAHOO!,
    INC., 7TH WAVE INC.

20                     Defendants.

BY FAX

21

22

23

24

25

26

27

28

                 COMPLAINT FOR PATENT INFRINGEMENT

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Gooseberry Natural Resources, LLC ("Plaintiff"), by and through its undersigned counsel, files this Original Complaint against Advanced Magazine Publishers, Inc., A.H. Belo Corp., Cox Enterprises, Inc. d/b/a The Atlanta Journal-Constitution, Digg, Inc., Fark, Inc., Geeknet, Inc., Interserve, Inc. d/b/a Techcrunch, Inc., Newsvine, Inc., Recommended Reading, Inc., Yahoo! Inc. and 7th Wave, Inc. (collectively "Defendants") as follows:

## NATURE OF THE ACTION

1.     This is a patent infringement action to stop Defendants' infringement of Plaintiff's United States Patent No. 6,370,535 entitled "*System and Method for Structured News Release Generation and Distribution*" (the "'535 patent"; a copy of which is attached hereto as Exhibit A). Plaintiff is the exclusive licensee of the '535 patent with respect to the Defendants. Plaintiff seeks injunctive relief and monetary damages.

## PARTIES

2.     Plaintiff is a limited liability company organized and existing under the laws of the State of Texas. Plaintiff maintains its principal place of business at 101 East Park Boulevard, Suite 600 Plano TX 75074. Plaintiff is the exclusive licensee of the '585 patents with respect to the Defendants, and possesses the right to sue for infringement and recover past damages.

3.     Upon information and belief, Advance Magazine Publishers, Inc., ("Advance") is a corporation organized and existing under the laws of the State of New York, with its principal place of business located at Four Times Square, New York, New York 10036.

4.     Upon information and belief, A. H. Belo Corp., ("Belo") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 400 South Record Street, Dallas, Texas 75202.

5.     Upon information and belief, Cox Enterprises, Inc. d/b/a The Atlanta Journal-Constitution, ("Cox") is a corporation organized and existing under the laws of the State of

Delaware, with its principal place of business located at 6205 Peachtree Dunwoody Road, Atlanta, Georgia 30328.

6. Upon information and belief, Digg, Inc. ("Digg") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 135 Mississippi Street, Third Floor, San Francisco. California 94107.

7. Upon information and belief, Fark, Inc., ("Fark") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 424 Gleaneagles, Way, Versailles, Kentucky 40383.

8. Upon information and belief, Geeknet, Inc. ("Geekneet") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 650 Castro Street, Mountain View, California 94041.

9. Upon information and belief, Interserve, Inc. d/b/a Techcrunch, ("Interserve") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 44 James Avenue, Atherton, California 94027.

10. Upon information and belief, Newsvine, Inc. ("Newsvine") is a corporation organized and existing under the laws of the State of Washington, with its principal place of business located at 101 Elliott Avenue West, Suite 120, Seattle, Washington 98119.

11. Upon information and belief, Recommended Reading, Inc. ("RR") is a corporation organized and existing under the laws of the State of Virginia, with its principal place of business located at 8620 Greensboro Drive, Suite 130, McLean, Virginia 22102.

12. Upon information and belief, Yahoo!, Inc. ("Yahoo") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 701 First Avenue, Sunnyvale, California 94089.

13. Upon information and belief, 7th Wave, Inc. ("7th Wave") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 18300 Northwest Green Mountain Road, Banks, Oregon.

**JURISDICTION AND VENUE**

14.     This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. §§ 271, 281, 283, 284, and 285.  This Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

15.     The Court has personal jurisdiction over each Defendant because: each Defendant is present within or has minimum contacts with the State of California and the Central District of California; each Defendant has purposefully availed itself of the privileges of conducting business in the State of California and in the Central District of California; each Defendant has sought protection and benefit from the laws of the State of California; each Defendant regularly conducts business within the State of California and within the Central District of California; and Plaintiff's causes of action arise directly from Defendants' business contacts and other activities in the State of California and in the Central District of California.

16.     More specifically, each Defendant, directly and/or through authorized intermediaries, ships, distributes, offers for sale, sells, and/or advertises (including the provision of an interactive web page having a published news release or press release) its products and services in the United States, the State of California, and the Central District of California.  Upon information and belief, each Defendant has committed patent infringement in the State of California and in the Central District of California, has contributed to patent infringement in the State of California and in the Central District of California, and/or has induced others to commit patent infringement in the State of California and in the Central District of California.  Each Defendant solicits customers in the State of California and in the Central District of California. Each Defendant has many paying customers who are residents of the State of California and the Central District of California and who each use each of the respective Defendant's products and services in the State of California and in the Central District of California.

17.     Venue is proper in the Central District of California pursuant to 28 U.S.C. §§ 1391 and 1400(b).

COMPLAINT FOR PATENT INFRINGEMENT

**COUNT I – PATENT INFRINGEMENT**

18.    The '535 patent was duly and legally issued by the United States Patent and Trademark Office on April 9, 2002, after full and fair examination for systems and methods for secure messaging on an insecure network.  Plaintiff is the exclusive licensee of the '535 patent with respect to the Defendants, and possesses all rights of recovery under the '535 patent with respect to the Defendants, including the right to sue for infringement and recover past damages.

19.    Plaintiff is informed and believes that Advance owns, operates, advertises, controls, sells, and otherwise provides hardware, software and websites for "news and press release services" including via the reddit.com website ("the Advance system", available at www.reddit.com).  Upon information and belief, Advance has infringed and continues to infringe one or more claims of the '535 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, systems and methods for entering and providing structured news and press releases.  More particularly, Plaintiff is informed and believes that Advance has and/or requires and/or directs users to access and/or interact with a system that receives and stores separately specified portions of a news or press release and that assembles a news or press release in a predetermined format. Upon information and belief, Advance has also contributed to the infringement of one or more claims of the '535 patent, and/or actively induced others to infringe one or more claims of the '535 patent via the Advance system, in this district and elsewhere in the United States.

20.    Plaintiff is informed and believes that Belo owns, operates, advertises, controls, sells, and otherwise provides hardware, software and websites for "news and press release services" including via the VelocIT system ("the Belo system").  Upon information and belief, Belo has infringed and continues to infringe one or more claims of the '535 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, systems and methods for entering and providing structured news and press releases.  More particularly, Plaintiff is informed and believes that Belo has and/or requires and/or directs users to access and/or interact with a system that receives and stores

4

COMPLAINT FOR PATENT INFRINGEMENT

separately specified portions of a news or press release and that assembles a news or press release in a predetermined format. Upon information and belief, Belo has also contributed to the infringement of one or more claims of the '535 patent, and/or actively induced others to infringe one or more claims of the '535 patent via the Belo system, in this district and elsewhere in the United States.

21.     Plaintiff is informed and believes that Cox owns, operates, advertises, controls, sells, and otherwise provides hardware, software and websites for "news and press release services" including via at least the accessatlanta.com website ("the Cox system", available at www.accessatlanta.com).   Upon information and belief, Cox has infringed and continues to infringe one or more claims of the '535 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, systems and methods for entering and providing structured news and press releases.   More particularly, Plaintiff is informed and believes that Cox has and/or requires and/or directs users to access and/or interact with a system that receives and stores separately specified portions of a news or press release and that assembles a news or press release in a predetermined format. Upon information and belief, Cox has also contributed to the infringement of one or more claims of the '535 patent, and/or actively induced others to infringe one or more claims of the '535 patent via the Cox system, in this district and elsewhere in the United States.

22.     Plaintiff is informed and believes that Digg owns, operates, advertises, controls, sells, and otherwise provides hardware, software and websites for "news and press release services" including via the digg.com website ("the Digg system", available at www.digg.com). Upon information and belief, Digg has infringed and continues to infringe one or more claims of the '535 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, systems and methods for entering and providing structured news and press releases.   More particularly, Plaintiff is informed and believes that Digg has and/or requires and/or directs users to access and/or interact with a system that receives and stores separately specified portions of a news or press release and

1  that assembles a news or press release in a predetermined format. Upon information and belief,

2  Digg has also contributed to the infringement of one or more claims of the '535 patent, and/or

3  actively induced others to infringe one or more claims of the '535 patent via the Digg system, in

4  this district and elsewhere in the United States.

5       23.     Plaintiff is informed and believes that Fark owns, operates, advertises, controls,

6  sells, and otherwise provides hardware, software and websites for "news and press release

7  services" including via the fark.com website ("the Fark system", available at www.fark.com).

8  Upon information and belief, Fark has infringed and continues to infringe one or more claims of

9  the '535 patent by making, using, providing, offering to sell, and selling (directly or through

10  intermediaries), in this district and elsewhere in the United States, systems and methods for

11  entering and providing structured news and press releases.   More particularly, Plaintiff is

12  informed and believes that Fark has and/or requires and/or directs users to access and/or interact

13  with a system that receives and stores separately specified portions of a news or press release and

14  that assembles a news or press release in a predetermined format. Upon information and belief,

15  Fark has also contributed to the infringement of one or more claims of the '535 patent, and/or

16  actively induced others to infringe one or more claims of the '535 patent via the Fark system, in

17  this district and elsewhere in the United States.

18       24.     Plaintiff is informed and believes that Geeknet owns, operates, advertises,

19  controls, sells, and otherwise provides hardware, software and websites for "news and press

20  release services" including via the slashdot.org website ("the Geeknet system", available at

21  www.slashdot.org).   Upon information and belief, Geeknet has infringed and continues to

22  infringe one or more claims of the '535 patent by making, using, providing, offering to sell, and

23  selling (directly or through intermediaries), in this district and elsewhere in the United States,

24  systems and methods for entering and providing structured news and press releases.   More

25  particularly, Plaintiff is informed and believes that Geeknet has and/or requires and/or directs

26  users to access and/or interact with a system that receives and stores separately specified portions

27  of a news or press release and that assembles a news or press release in a predetermined format.

28

1   Upon information and belief, Geeknet has also contributed to the infringement of one or more

2   claims of the '535 patent, and/or actively induced others to infringe one or more claims of the

3   '535 patent via the Geeknet system, in this district and elsewhere in the United States.

4         25.    Plaintiff is informed and believes that Interserve owns, operates, advertises,

5   controls, sells, and otherwise provides hardware, software and websites for "news and press

6   release services" including via the crunchbase.com website ("the Interserve system", available at

7   www.crunchbase.com).  Upon information and belief, Interserve has infringed and continues to

8   infringe one or more claims of the '535 patent by making, using, providing, offering to sell, and

9   selling (directly or through intermediaries), in this district and elsewhere in the United States,

10  systems and methods for entering and providing structured news and press releases.  More

11  particularly, Plaintiff is informed and believes that Interserve has and/or requires and/or directs

12  users to access and/or interact with a system that receives and stores separately specified portions

13  of a news or press release and that assembles a news or press release in a predetermined format.

14  Upon information and belief, Interserve has also contributed to the infringement of one or more

15  claims of the '535 patent, and/or actively induced others to infringe one or more claims of the

16  '535 patent via the Interserve system, in this district and elsewhere in the United States.

17        26.    Plaintiff is informed and believes that Newsvine owns, operates, advertises,

18  controls, sells, and otherwise provides hardware, software and websites for "news and press

19  release services" including via the newsvine.com website ("the Newsvine system", available at

20  www.newsvine.com).  Upon information and belief, Newsvine has infringed and continues to

21  infringe one or more claims of the '535 patent by making, using, providing, offering to sell, and

22  selling (directly or through intermediaries), in this district and elsewhere in the United States,

23  systems and methods for entering and providing structured news and press releases.  More

24  particularly, Plaintiff is informed and believes that Newsvine has and/or requires and/or directs

25  users to access and/or interact with a system that receives and stores separately specified portions

26  of a news or press release and that assembles a news or press release in a predetermined format.

27  Upon information and belief, Newsvine has also contributed to the infringement of one or more

28

claims of the '535 patent, and/or actively induced others to infringe one or more claims of the '535 patent via the Newsvine system, in this district and elsewhere in the United States.

27.      Plaintiff is informed and believes that RR owns, operates, advertises, controls, sells, and otherwise provides hardware, software and websites for "news and press release services" including via the mixx.com website ("the RR system", available at www.mixx.com). Upon information and belief, RR has infringed and continues to infringe one or more claims of the '535 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, systems and methods for entering and providing structured news and press releases.  More particularly, Plaintiff is informed and believes that RR has and/or requires and/or directs users to access and/or interact with a system that receives and stores separately specified portions of a news or press release and that assembles a news or press release in a predetermined format. Upon information and belief, RR has also contributed to the infringement of one or more claims of the '535 patent, and/or actively induced others to infringe one or more claims of the '535 patent via the RR system, in this district and elsewhere in the United States.

28.      Plaintiff is informed and believes that Yahoo owns, operates, advertises, controls, sells, and otherwise provides hardware, software and websites for "news and press release services" including via the delicious.com website ("the Yahoo system", available at www.delicious.com).  Upon information and belief, Yahoo has infringed and continues to infringe one or more claims of the '535 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, systems and methods for entering and providing structured news and press releases.  More particularly, Plaintiff is informed and believes that Yahoo has and/or requires and/or directs users to access and/or interact with a system that receives and stores separately specified portions of a news or press release and that assembles a news or press release in a predetermined format. Upon information and belief, Yahoo has also contributed to the infringement of one or more claims of

the '535 patent, and/or actively induced others to infringe one or more claims of the '535 patent via the Yahoo system, in this district and elsewhere in the United States.

29.     Plaintiff is informed and believes that 7th Wave owns, operates, advertises, controls, sells, and otherwise provides hardware, software and websites for "news and press release services" including via the nanotech-now.com website ("the 7th Wave system", available at www.nanotech-now.com).  Upon information and belief, 7th Wave has infringed and continues to infringe one or more claims of the '535 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, systems and methods for entering and providing structured news and press releases.  More particularly, Plaintiff is informed and believes that 7th Wave has and/or requires and/or directs users to access and/or interact with a system that receives and stores separately specified portions of a news or press release and that assembles a news or press release in a predetermined format.  Upon information and belief, 7th Wave has also contributed to the infringement of one or more claims of the '535 patent, and/or actively induced others to infringe one or more claims of the '535 patent via the 7th Wave system, in this district and elsewhere in the United States.

30.     Each Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

31.     Plaintiff is entitled to recover from the Defendants the damages sustained by Plaintiff as a result of the Defendants' wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

32.     Defendants' infringement of Plaintiff's exclusive rights under the '535 patent will continue to damage Plaintiff, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

**JURY DEMAND**

33.     Plaintiff hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

**PRAYER FOR RELIEF**

Plaintiff respectfully requests that the Court find in its favor and against Defendants, and that the Court grant Plaintiff the following relief:

A. An adjudication that one or more claims of the '535 patent have been infringed, either literally and/or under the doctrine of equivalents, by one or more Defendants and/or by others to whose infringement Defendants have contributed and/or by others whose infringement has been induced by Defendants;

B. An award to Plaintiff of damages adequate to compensate Plaintiff for the Defendants' acts of infringement together with pre-judgment and post-judgment interest;

C. That, should one or more of the Defendants' acts of infringement be found to be willful from the time that Defendants became aware of the infringing nature of their actions, which is the time of filing of Plaintiff's Original Complaint at the latest, that the Court award treble damages for the period of such willful infringement pursuant to 35 U.S.C. § 284;

D. A grant of permanent injunction pursuant to 35 U.S.C. § 283, enjoining the Defendants from further acts of (1) infringement, (2) contributory infringement, and (3) actively inducing infringement with respect to the claims of the '535 patent;

E. That this Court declare this to be an exceptional case and award Plaintiff its reasonable attorneys' fees and costs in accordance with 35 U.S.C. §285; and

F. Any further relief that this Court deems just and proper.

Respectfully submitted,
**WHITE FIELD, INC.**

Dated: December 1, 2010

Steven W. Ritcheson,
Attorney for Plaintiff
Gooseberry Natural Resources, LLC

10
COMPLAINT FOR PATENT INFRINGEMENT