JAMES C. SCOTT*
jscott@ralaw.com
JOSEPH M. RUSCAK*
jruscak@ralaw.com
ROETZEL & ANDRESS, LPA
222 South Main Street
Akron, OH 44308
Telephone: 330.376.2700
Facsimile: 330.376.4577

RYAN M. NISHIMOTO (SBN 235208)
ryan.nishimoto@aporter.com
ARNOLD & PORTER, LLP
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017-5844
Telephone: 213.243.4000
Facsimile: 213.243.4199

Attorneys for Defendant FARK, INC.

* Application to appear *pro hac vice* forthcoming

2011 JAN 25 PM 3: 58
FILED

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| GOOSEBERRY NATURAL RESOURCES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>ADVANCE MAGAZINE PUBLISHERS, INC., A.H. BELO CORP, COX ENTERPRISES, INC. d/b/a THE ATLANTA JOURNAL-CONSTITUTION, DIGG, INC., FARK, INC., GEEKNET, INC., INTERSERVE, INC. d/b/a TECHCRUNCH, INC., NEWSVINE, INC., RECOMMENDED READING, INC., YAHOO!, INC., 7TH WAVE INC.<br><br>Defendants. | CASE NO. 2:10-CV-09220-JHN-CW<br><br>**ANSWER AND COUNTERCLAIMS OF DEFENDANT, FARK, INC.**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Hon. Jacqueline H. Nguyen |

Fark, Inc.
            Counterclaimant
        vs.
Gooseberry Natural Resources, Inc.
            Counter defendant

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## ANSWER

Defendant, Fark, Inc. ("Fark"), by and through counsel, files this Answer to Plaintiff Gooseberry Natural Resources, LLC's ("Gooseberry") Complaint for Patent Infringement ("Complaint"), and responds as follows:

## NATURE OF THE ACTION

1.    With respect to the allegations of paragraph 1 of the Complaint, Fark does not have knowledge or information sufficient to form a belief as to the truth or the nature of Gooseberry's alleged rights in United States Patent No. 6,370,535 ("the '535 patent") and therefore denies the same. Fark admits that Gooseberry's Complaint purports to assert patent infringement claims against Defendants regarding the '535 patent. Fark also admits that a copy of the '535 patent is purported to be attached to the Complaint as Exhibit A. Fark denies all other allegations of paragraph 1 of the Complaint.

## PARTIES

2.    Fark does not have knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2 of the Complaint and therefore denies the same.

3.    Fark does not have knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3 of the Complaint and therefore denies the same.

4.    Fark does not have knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 of the Complaint and therefore denies the same.

5.    Fark does not have knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5 of the Complaint and therefore denies the same.

6.     Fark does not have knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6 of the Complaint and therefore denies the same.

7.     Fark admits that is a Delaware corporation that it has a principal place of business at 424 Gleneagles Way, Versailles, KY 40383.  Fark denies all other allegations of paragraph 7 of the Complaint.

8.     Fark does not have knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 of the Complaint and therefore denies the same.

9.     Fark does not have knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9 of the Complaint and therefore denies the same.

10..    Fark does not have knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 of the Complaint and therefore denies the same.

11.    Fark does not have knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 of the Complaint and therefore denies the same.

12.    Fark does not have knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 of the Complaint and therefore denies the same.

13.    Fark does not have knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13 of the Complaint and therefore denies the same.

## JURISDICTION AND VENUE

14.    With respect to the allegations of paragraph 14 of the Complaint, Fark admits that this action purports to assert a claim for patent infringement arising under United States patent laws, including 35 U.S.C. § 271.  The remainder of the

1  allegations in paragraph 14 state legal conclusions to which no response is required.
2  To the extent a response is deemed to be required, however, Fark denies such
3  allegations.

4       15.    With respect to the allegations of paragraph 15 of the Complaint, Fark
5  admits that this Court has personal jurisdiction over Fark.  Fark does not have
6  knowledge or information sufficient to form a belief as to the truth of the allegations
7  of paragraph 15 of the Complaint concerning any other Defendant and therefore
8  denies the same.  The remainder of the allegations in paragraph 15 state legal
9  conclusions to which no response is required.  To the extent a response is deemed to
10  be required, however, Fark denies such allegations.

11       16.    With respect to the allegations of paragraph 16 of the Complaint, Fark
12  admits that this Court has personal jurisdiction over Fark.  Fark does not have
13  knowledge or information sufficient to form a belief as to the truth of the allegations
14  of paragraph 16 of the Complaint concerning any other Defendant and therefore
15  denies the same.  The remainder of the allegations in paragraph 16 state legal
16  conclusions to which no response is required.  To the extent a response is deemed to
17  be required, however, Fark denies such allegations.

18       17.    Fark denies venue is proper in this Court.

19  **COUNT I – PATENT INFRINGEMENT**

20       18.    With respect to the allegations of paragraph 18 of the Complaint, Fark
21  admits that the '535 patent was issued on April 9, 2002.  Fark does not have
22  knowledge or information sufficient to form a belief as to the truth of the remaining
23  allegations of paragraph 18 of the Complaint and therefore denies the same.

24       19.    Fark does not have knowledge or information sufficient to form a belief
25  as to the truth of the allegations of paragraph 19 of the Complaint and therefore
26  denies the same.

27

28

- 4 -

20.    Fark does not have knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20 of the Complaint and therefore denies the same.

21.    Fark does not have knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21 of the Complaint and therefore denies the same.

22.    Fark does not have knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22 of the Complaint and therefore denies the same.

23.    Fark admits that it owns and operates the website located at www.fark.com.  Fark denies the remaining allegations of paragraph 23 of the Complaint.

24.    Fark does not have knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24 of the Complaint and therefore denies the same.

25.    Fark does not have knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25 of the Complaint and therefore denies the same.

26.    Fark does not have knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26 of the Complaint and therefore denies the same.

27.    Fark does not have knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27 of the Complaint and therefore denies the same.

28.    Fark does not have knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28 of the Complaint and therefore denies the same.

29.   Fark does not have knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29 of the Complaint and therefore denies the same.

30.   With respect to the allegations of paragraph 30 of the Complaint, Fark admits that there is no agreement to which it is a party that expressly identifies the '535 patent.  Fark does not have knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30 of the Complaint concerning any other Defendant and therefore denies the same.  Except as expressly admitted, Fark denies the allegations of paragraph 30.

31.   Fark denies the allegations of paragraph 31 of the Complaint insofar as they relate to Fark.  Fark does not have knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31 of the Complaint concerning any other Defendant and therefore denies the same.

32.   Fark denies the allegations of paragraph 32 of the Complaint insofar as they relate to Fark.  Fark does not have knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 32 of the Complaint concerning any other Defendant and therefore denies the same.

## JURY DEMAND

33.   This paragraph contains Plaintiff's request for a trial by jury and does not require a response from Fark.

## PRAYER FOR RELIEF

Fark denies that Plaintiff is entitled to any relief.

## AFFIRMATIVE DEFENSES

Plaintiff's claims may be barred, in whole or in part, by operation of the following:

## FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

34.   Plaintiff has failed to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

### (No Infringement)

35.   Defendant does not and has not infringed, directly or indirectly, contributed to or induce the infringement of any valid and enforceable claim of the '535 patent, either literally or under the doctrine of equivalents.

## THIRD AFFIRMATIVE DEFENSE

### (No Willful Infringement)

36.   Defendant has not willfully infringed the '535 patent.

## FOURTH AFFIRMATIVE DEFENSE

### (Invalidity)

37.   The '535 patent is invalid under the patent laws of the United States, 35 U.S.C. §101 *et seq.*, including without limitation §§101, 102, 103 and/or 112.

## FIFTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

38.   Plaintiff's claims to enforce one or more of the claims in the '535 patent are barred by the doctrine of unclean hands or other defenses based upon principles of equity because upon information and belief, Plaintiff knows, or has reason to know, that the claims of the '535 Patent are invalid.

## SIXTH AFFIRMATIVE DEFENSE

### (Waiver, Equitable Estoppel and Laches)

39.   Plaintiff's claims are barred by waiver, equitable estoppel and laches.

## SEVENTH AFFIRMATIVE DEFENSE

### (Prosecution History Estoppel)

40.   Plaintiff is precluded as a matter of law, including under the doctrine of prosecution history estoppel, from asserting any construction of the claims of the '535 patent that would cover the activities, good or services of Fark.

**EIGHTH AFFIRMATIVE DEFENSE**

(Failure to Comply with 35 U.S.C. §§ 287, 288)

41.   Plaintiffs claims are barred in whole or in part by failure to comply with the requirements of 35 U.S.C. §287 and/or 35 U.S.C. §288.

**NINTH AFFIRMATIVE DEFENSE**

(Lack of Standing)

42.   Plaintiff lacks standing to bring this Complaint.

**TENTH AFFIRMATIVE DEFENSE**

(Reservation of Affirmative Defenses)

43.   Any other defense which Defendant becomes aware of during the course of discovery, including without limitation, the defense provided under 35 U.S.C. §273.

**WHEREFORE**, Defendant respectfully requests that this Court dismiss Plaintiff's Complaint with prejudice, enter judgment that the '535 patent is invalid, unenforceable and not infringed, and grant such other relief as this Court deems just and proper, including Fark's attorneys' fees and costs pursuant to 35 U.S.C. §285.

## COUNTERCLAIMS FOR DECLARATORY RELIEF

For its Counterclaims against Gooseberry Natural Resources, LLC ("Gooseberry"), Fark, Inc., ("Fark") states as follows:

### THE PARTIES

1.     Fark is an Deleware corporation with a principal place of business at 424 Gleneagles Way, Versailles, KY 40383.

2.     Upon information and belief, Gooseberry is a Texas corporation with a principal place of business at 101 East Park Blvd, Suite 600, Plano, TX, 75074.

### JURISDICTION

3.     This Court has jurisdiction over Defendant's counterclaims pursuant to 28 U.S.C. §§1331 and 1338, and the Declaratory Judgment Act, 28 U.S.C. §§2201 and 2202, and the patent laws of the United States, Title 35 of the United States Code, Section 1, *et seq.*

4.     In this action, through its Complaint, Gooseberry alleges that it is an exclusive licensee to U.S. Patent No. 6,370,535 ("the '535 patent") and that Fark has infringed the '535 patent, induced infringement of the '535 patent, and/or contributed to the infringement of the '535 patent.

5.     Fark is aware of prior art which it believes invalidates the '535 patent under 35 U.S.C. §§ 102 and/or 103.

6.     Fark denies Gooseberry's allegations that the '535 patent is valid and enforceable, denies that it has infringed the '535 patent, and further denies that it has induced infringement of the '535 patent or that it has contributed to the infringement of the '535 patent.

7.     As a result, there is an actual and justiciable controversy between the parties concerning the validity, enforceability and alleged infringement by Fark of the '535 patent.

## COUNT I

### (Declaration of Invalidity)

8. Fark repeats and realleges the allegations of the preceding paragraphs one (1) through seven (7), as if fully set forth herein.

9. Upon information and belief, the '535 Patent is invalid, because the alleged invention contained therein fails to satisfy one or more conditions for patentability specified in Title 35, U.S.C., including §§101, 102, 103, and/or 112.

10. An actual controversy exists within the meaning of 28 U.S.C. §2201 between the parties as to whether the '535 patent is valid.

11. Fark requests an order of the court declaring that the '535 patent is invalid as a matter of law under 35 U.S.C. §§101, 102, 103 and/or 112.

## COUNT II

### (Declaration of Non-Infringement)

12. Fark repeats and realleges the allegations of the preceding paragraphs one (1) through eleven (11), as if fully set forth herein.

13. In its Complaint, Gooseberry alleged that Fark has infringed one or more claims of the '535 patent, has induced others to infringe one or more claims the '535 patent, and has contributed to the infringement of one or more claims of the '535 patent.

14. Fark denies that it has infringed, induced infringement, or contributed to the infringement of one or more claims of the '535 patent.

15. An actual controversy exists within the meaning of 28 U.S.C. §2201 between the parties regarding the alleged infringement of the '535 patent.

16. Fark requests an order of this Court declaring that Fark has not infringed any claim of the '535 patent, that it has not induced infringement of any claim of the '535 patent, and that it has not contributed to the infringement of any claim of the '535 patent.

## COUNT III

### (Declaration of Unenforceability)

17.     Fark repeats and realleges the allegations of the preceding paragraphs one (1) through sixteen (16), as if fully set forth herein.

18.     Upon information and belief, Gooseberry has reason to know that the '535 patent is invalid under the provisions of 35 U.S.C. §101 *et seq.*, particularly if the claims of the '535 patent are construed in such a manner as to cover Fark's services, products or conduct.

19.     As a result, Fark requests an order of the Court declaring that the claims of the '535 patent are unenforceable and that this is an exceptional case under 35 U.S.C. §285.

WHEREFORE, in the alternative, Fark prays for entry of:

(a)     a declaratory judgment that the claims of the '535 patent are invalid;

(b)     a declaratory judgment that Fark has not infringed, has not induced infringement of, and has not contributed to the infringement of any claim of the '535 patent;

(c)     a declaratory judgment that the '535 patent is unenforceable;

(d)     a dismissal with prejudice of Gooseberry's Complaint;

(e)     an order prohibiting Gooseberry and its officers, agents, employees, representatives, counsel and all persons in active concert or participation with any of them, directly or indirectly, from threatening or charging infringement of, or instituting any action for infringement of the '535 patent against Fark, its suppliers, customers or any distributor or user of its products;

(f)     an order finding that this is an "exceptional case" and on award to Fark of its costs and reasonable attorneys fees incurred in this action; and

/ / /

/ / /

1    (g)    an award granting Fark such other and further legal and equitable relief

2    as the Court deems just and proper.

3

4    Dated:  January 25, 2011                    ARNOLD & PORTER LLP

5                                                By: _____

6                                                    Ryan M. Nishimoto

7

8                                                Of Counsel:
                                                 JAMES C. SCOTT*
9                                                jscott@ralaw.com
                                                 JOSEPH M. RUSCAK*
·10                                              jruscak@ralaw.com
                                                 ROETZEL & ANDRESS, LPA
11                                               222 South Main Street
                                                 Akron, OH 44308
12                                               Telephone: 330.376.2700
                                                 Facsimile: 330.376.4577
13
                                                 Attorneys for Defendant FARK, INC.
14
                                                 * Application to appear *pro hac vice*
15                                               forthcoming

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## JURY DEMAND

Defendant hereby demands a trial by jury on all issues triable by a jury alleged or relating to this litigation.

Ryan M. Nishimoto

**PROOF OF SERVICE**

1.   I am over eighteen years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 777 South Figueroa Street, 44th Floor, Los Angeles, California 90017-5844.

2.   On January 25, 2011, I served the following document(s):

☑   **ANSWER AND COUNTERCLAIMS OF DEFENDANT, FARK, INC. and DEMAND FOR JURY TRIAL.**

☐   The document(s) served are included in the attached List of Documents.

3.   ☑   I served the document(s) on the following person(s):

Steven W. Ritcheson, Esq.
White Field, Inc.
9800 D Topanga Canyon Blvd. #347
Chatsworth, California 91311

☐   The names, addresses, and other applicable information about the persons served is included in the attached Service List.

4.   The documents were served by the following means:

☑   **By U.S. mail.** I enclosed the document(s) in a sealed envelope or package addressed to the person(s) at the address(es) in Item 3 and **(check one)**:

☐   deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

☑   placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business' practice for collecting and processing correspondence for mailing. On the same day the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I am employed in the county where the mailing occurred. The envelope or package was placed in the mail at Los Angeles, California.

☐   **By Overnight Delivery/Express Mail.** I enclosed the documents and an unsigned copy of this declaration in a sealed envelope or package designated by **[name of delivery company or U.S. Postal Service for Express Mail]** addressed to the persons at the address(es) listed in Item 3, with **[Express Mail postage or, if not Express Mail, delivery fees]** prepaid or provided for. I placed the sealed envelope or package for collection and delivery, following our ordinary business practices. I am readily familiar with this business' practice for collecting and processing correspondence for express delivery. On the same day the correspondence is collected for delivery, it is placed for collection in the ordinary course of business in a box regularly maintained by **[name of delivery company or U.S. Postal Service for Express Mail]** or delivered to a courier or driver authorized by **[name of delivery company]** to receive documents.

☐ **By Messenger Service**. I served the documents by placing them in an envelope or package addressed to the persons at the address(es) listed in Item 3 and providing them to a professional messenger service for service. (*See* Declaration of Messenger below.)

☐ **By Facsimile Transmission**. Based on an agreement between the parties to accept service by facsimile transmission, which was confirmed in writing, I faxed the document(s) and an unsigned copy of this declaration to the person(s) at the facsimile numbers listed in Item 3 on [type date], at [type time]. The transmission was reported as complete and without error by a transmission report issued by the facsimile machine that I used immediately following the transmission. A true and correct copy of the facsimile transmission report, which I printed out, is attached hereto.

☐ **By Electronic Service (E-mail)**. Based on a court order or an agreement of the parties to accept service by electronic transmission, I transmitted the document(s) and an unsigned copy of this declaration to the person(s) at the electronic notification address(es) listed in Item 3 on **[type date]** before 5:00 p.m. PST. **(add, as applicable)**

☐ The transmission of the document was reported as complete and without error by electronic receipt of a delivery confirmation, a true and correct copy of which is attached hereto.

☐ I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐ **Via Court Notice of Electronic Filing**. The document(s) will be served by the court via NEF and hyperlink to the document. On **[type date]**, I checked the CM/ECF docket for this case or adversary proceeding and determined that the person(s) listed in Item 3 are on the Electronic Mail Notice List to receive NEF transmission at the email addresses indicated in Item 3 **[or on the attached service list, if applicable]**.

☐ **STATE:** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☐ **FEDERAL:** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Dated: January 25, 2011     Signature: *Jacqui Tollefson*

Type or Print Name: Jacqui Tollefson

- 2 -