JAMES C. SCOTT (admitted *pro hac vice*)
jscott@ralaw.com
JOSEPH M. RUSCAK (admitted *pro hac vice*)
jruscak@ralaw.com
ROETZEL & ANDRESS, LPA
222 South Main Street, Suite 400
Akron, OH 44308
Telephone: 330.849.6645
Facsimile: 330.376.4577

RYAN M. NISHIMOTO (SBN 235208)
ryan.nishimoto@aporter.com
ARNOLD & PORTER, LLP
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017-5844
Telephone: 213.243.4000
Facsimile: 213.243.4199

Attorneys for Defendant FARK, INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| GOOSEBERRY NATURAL RESOURCES, LLC,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>ADVANCE MAGAZINE PUBLISHERS, INC., A.H. BELO CORP, COX ENTERPRISES, INC. d/b/a THE ATLANTA JOURNAL-CONSTITUTION, DIGG, INC., FARK, INC., GEEKNET, INC., INTERSERVE, INC. d/b/a TECHCRUNCH, INC., NEWSVINE, INC., RECOMMENDED READING, INC., YAHOO!, INC., 7TH WAVE, INC.,<br><br>　　　　　Defendants. | Case No. 2:10-CV-09220-JHN-CW<br><br>Hon. Jacqueline H. Nguyen<br><br>**DEFENDANT FARK, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE FARK'S AFFIRMATIVE DEFENSES AND COUNTERCLAIMS**<br><br>Date:　　March 28, 2011<br>Time:　　2:00 p.m.<br>Courtroom: 790 |

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ................................................................................................1

II. LEGAL STANDARDS ........................................................................................1

III. ARGUMENT ........................................................................................................3

    A. Fark's First, Second, Third and Ninth Affirmative Defense Are Properly Pled ...............................................................................................3

    B. Fark's Fifth, Sixth and Seventh Affirmative Defenses and Third Counterclaim are Properly Pled ..............................................................5

    C. Fark Is Entitled To Develop Facts To Support Its Unclean Hands Defense ......................................................................................................8

    D. In the Event the Court Grants Plaintiff's Motion, Fark Should be Granted Leave to Amend ..........................................................................8

IV. CONCLUSION ....................................................................................................9

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Altech Controls Corp. v. E.I.L. Instruments, Inc.*,
 33 F. Supp. 2d 546 (S.D. Tex 1998) ................................................................. 6

*Ameristar Fence Prods., Inc. v. Phoenix Fence Co.*,
 2010 WL 2803907 (D. Ariz. July 15, 2010) ..................................................... 7

*Aptix Corp. v Quickturn Design Sys.*,
 269 F.3d 1369 (Fed. Cir. 2001) ......................................................................... 8

*Ashcroft v. Iqbal*,
 129 S.Ct. 1937 (2009) ................................................................................... 6, 7

*Augustus v. Bd. of Pub. Instruction*,
 306 F.2d 862 (5th Cir. 1962) .......................................................................... 3, 4

*Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*,
 718 F. Supp. 2d 1167 (N.D. Cal. 2010) ............................................................ 6

*Bell Atlantic v. Twombly*,
 550 U.S. 544 (2007) ................................................................................ 3, 6, 7

*Fantasy, Inc. v. Fogerty*,
 984 F.2d 1524 (9th Cir. 1993),
 *rev'd on other grounds* 510 U.S. 517, 114 S. Ct. 1023 (1994) ...................... 1, 2

*Hernandez v. Balakian,*
 2007 WL 1649911 (E.D. Cal. June 1, 2007) .................................................... 5

*Holdbrook v. SAIA Motor Freight Line, LLC*,
 2010 WL 865380 (D. Colo. March 8, 2010) ................................................. 4, 7

*J & J Sports Prods., Inc. v. Delgado*,
 2011 WL 219594 (E.D. Cal. Jan. 19, 2011) ..................................................... 5

*Keystone Driller Co. v. General Excavator Co.*,
 290 U.S. 240 (1933) .......................................................................................... 6

*Lunsford v. United States*,
 570 F.2d 221 (8th Cir. 1977) ........................................................................................2

*Mag Instrument, Inc. v. JS Products, Inc.*,
 595 F. Supp. 2d 1102 (C.D. Cal. 2008) .........................................................................3

*McArdle v. AT&T Mobility LLC*,
 657 F. Supp. 2d 1140 (N.D. Cal. 2009) ......................................................................3, 4

*McLemore v. Regions Bank*,
 2010 WL 1010092 (M.D. Tenn. Mar.18, 2010) ..............................................................7

*Morrison v. Mahoney*,
 399 F.3d 1042 (9th Cir. 2005) ................................................................................1, 4, 5

*Pharmacia & Upjohn Co. v. Mylan Pharm., Inc.*,
 170 F.3d 1373 (Fed. Cir. 1999) .......................................................................................6

*Qarbon.com Inc. v. eHelp Corp.*,
 315 F. Supp. 2d 1046 (N.D. Cal. 2004) ..........................................................................9

*William Z. Salcer, Panfeld, Edelman v. Envicon Equities Corp.*,
 744 F.2d 935 (2d Cir. 1984),
 *vacated on other grounds* 478 U.S. 1015 (1986) .......................................................2, 6

*Wyshak v. City Nat'l Bank*,
 607 F.2d 824 (9th Cir. 1979) ......................................................................................1, 9

**STATUTES AND RULES**

35 U.S.C. § 101 *et seq.* ............................................................................................................7

Fed. R. Civ. P. 7(a) ...................................................................................................................5

Fed. R. Civ. P. 8(a) ..........................................................................................................1, 6, 7

Fed. R. Civ. P. 8(c) ..........................................................................................................1, 6, 7

Fed. R. Civ. P. 9(b) ...............................................................................................................1, 8

Fed. R. Civ. P. 12(h)(2) ............................................................................................................5

Fed. R. Civ. P. 12(b) .................................................................................................................1

Fed. R. Civ. P. 12(f) ..............................................................................................................1, 2

Fed. R. Civ. P. 12(g) ..................................................................................................1

**OTHER AUTHORITIES**

Wright & Miller, 5 Fed. Prac. & Proc. Civ. 3d § 1274 (2010).......................................3

# I.
## **INTRODUCTION**

Defendant Fark, Inc. ("Fark" or "Defendant"), by and through counsel, hereby responds to the Plaintiff and Counter-Defendant Gooseberry Natural Resources, LLC's Notice of Motion and Motion to Strike Affirmative Defenses and Counterclaims (the "Motion") filed by Plaintiff Gooseberry Natural Resource, LLC ("Plaintiff").

In the Motion, Plaintiff moves to strike Fark's (1) affirmative defenses of failure to state a claim, no infringement, no willful infringement and lack of standing as redundant, impertinent and immaterial under Federal Rule of Civil Procedure 12(f), and (2) affirmative defenses of unclean hands, waiver, estoppel, and laches, and prosecution history estoppel along with Fark's counterclaim regarding unenforceability under Federal Rules of Civil Procedure 8(a)(2) and 12(b)(6). In addition, Plaintiff moves to strike Fark's unclean hands defense under Federal Rule of Civil Procedure 9(b).

# II.
## **LEGAL STANDARDS**

Under the Federal Rules of Civil Procedure, a party, with limited exceptions, is required to raise every defense in its first responsive pleading, and defenses not so raised are deemed waived. *See* Fed. R. Civ. P. 8(c), 12(b), 12(g); *Morrison v. Mahoney*, 399 F.3d 1042, 1046 (9th Cir. 2005).

The purpose of a Rule 12(f) motion to strike is to avoid spending time and money litigating spurious issues. *See Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds* 510 U.S. 517, 114 S. Ct. 1023 (1994). Under Rule 12(f), the Court may strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent or scandalous matter." Fed. R. Civ. P. 12(f). An affirmative defense is insufficient and subject to a motion to strike if it fails to give the plaintiff fair notice of the nature of the defense. *See Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979). An affirmative defense is immaterial if it has no essential or important

1 relationship to the claim for relief pleaded. *See Fantasy, Inc.,* 984 F.2d at 1527. An
2 affirmative defense is impertinent if it does not pertain and is not necessary to the issues
3 in question in the case. *Id.*

4 Although the Ninth Circuit has not ruled on the proper use of a Rule 12(f)
5 motion to strike an affirmative defense, three other Circuit Courts of Appeal have
6 ruled that such motions are disfavored and should only be granted if the asserted
7 defense is clearly insufficient as a matter of law under any set of facts. As the Second
8 Circuit has explained:

> A motion to strike an affirmative defense . . . for legal insufficiency is
> not favored and will not be granted unless it appears to a certainty that
> plaintiffs would succeed despite any state of the facts which could be
> proved in support of the defense. [citations] Moreover, even when the
> facts are not disputed, several courts have noted that a "motion to strike
> for insufficiency was never intended to furnish an opportunity for the
> determination of disputed and substantial questions of law." [citations]
> This is particularly so when, as here, there has been no significant
> discovery.
>
> "[E]ven when the defense presents a purely legal question, the courts are
> very reluctant to determine disputed or substantial issues of law on a
> motion to strike; these questions quite properly are viewed as
> determinable only after discovery and a hearing on the merits."
> [citation] To do otherwise would be to run the risk of offering an
> advisory opinion on an abstract and hypothetical set of facts. [citations]

*William Z. Salcer, Panfeld, Edelman v. Envicon Equities Corp.*, 744 F.2d 935, 939
(2d Cir. 1984) ("*William Z. Salcer*") (citations omitted), *vacated on other grounds*
478 U.S. 1015 (1986); *accord Lunsford v. United States*, 570 F.2d 221, 229-30 (8th
Cir. 1977) (court should deny motion to strike a defense as insufficient as a matter of
law if complete development of the factual record might avoid the need to decide an

unresolved question of law); *Augustus v. Bd. of Pub. Instruction*, 306 F.2d 862, 868 (5th Cir. 1962) (court should grant motion to strike only if the pleading has no possible relation to the controversy and should resist motions to strike at the early stages of litigation if there is no showing of prejudice to the other party).[1]

This high standard that must be met to strike an affirmative defense has remained consistent, even under the Supreme Court's decision in *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). *See McArdle v. AT&T Mobility LLC*, 657 F. Supp. 2d 1140, 1149-50 (N.D. Cal. 2009) (setting forth the standard articulated above after *Twombly*). Indeed, "[a]s numerous federal courts have held, an affirmative defense may be pleaded in general terms and will be held to be sufficient, and therefore invulnerable to a motion to strike, as long as it gives the plaintiff fair notice of the nature of the defense." Wright & Miller, 5 Fed. Prac. & Proc. Civ. 3d § 1274 (2010); *see also Mag Instrument, Inc. v. JS Prods., Inc*., 595 F. Supp. 2d 1102, 1107-08 (C.D. Cal. 2008).

Finally, a motion to strike affirmative defenses is generally disfavored as nothing more than a stalling method. *See Mag Instrument*, 595 F. Supp. 2d at 1106 ("Motions to strike are generally regarded with disfavor because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic.").

### III.

### ARGUMENT

#### A. Fark's First, Second, Third and Ninth Affirmative Defense Are Properly Pled.

Plaintiff asks this Court to strike Fark's affirmative defenses of failure to state a claim, no infringement, no willful infringement and lack of standing. As noted

---

[1] Plaintiff has failed to show how it is in any way prejudiced by the presence of these defenses in Fark's Answer. Indeed, it is difficult to imagine how Plaintiff could be prejudiced by the presence of the affirmative defenses, given that Defendant bears the burden of proving these defenses.

- 3 -

above, a party is required to raise every defense in its first responsive pleading, and defenses not so raised are deemed waived. *See Morrison*, 399 F.3d. at 1046. In addition, affirmative defenses such as Fark's first, second, third and ninth defenses should only be stricken if they are shown to be clearly insufficient as a matter of law under any set of facts the defendant might allege. *See McArdle*, 657 F. Supp. 2d. at 1149-50.

These defenses are not "clearly insufficient" such that they should be stricken. To the contrary, they are relevant and related to the case at bar and could be found by the trier of fact to be meritorious and therefore should not be stricken. *See Augustus,* 306 F.2d at 868 (court should grant motion to strike only if the pleading has no possible relation to the controversy). These defenses pertain directly to the essence of this patent infringement case, such as Plaintiff's potential inability to state a claim for infringement, to prove willful infringement, or the Plaintiff's potential lack of standing.[2]

To confirm whether the patent-in-suit is infringed, Fark will likely engage in third-party discovery and take discovery from the Plaintiff inventor. Such discovery will help to determine if the patent-in-suit meets the conditions of patentability (failure to state a claim), was infringed (infringement and willful infringement), and whether the patent was assigned or licensed properly (standing). At this early stage of this litigation and before any discovery has commenced, it would be inappropriate to strike these affirmative defenses and highly prejudicial to Fark's procedural position in the case. Specifically, issues regarding infringement are far from settled and striking said defenses would be prejudicial to Fark. Moreover, a defendant should be granted leeway in developing its case due to the limited time that the Federal Rules allow the defendant to respond to initial pleadings. *See Holdbrook v.*

---

[2] Plaintiff's bare allegation of legal license rights to the patent-in-suit, including the right to sue for infringement, is a bare statement of putative fact, no different than what Plaintiff alleges Fark's affirmative defenses and counterclaim to be.

*SAIA Motor Freight Line, LLC*, No. 09-cv-02870-LTB-BNB, 2010 WL 865380, at *2 (D. Colo. March 8, 2010) ("[I]t is reasonable to impose stricter pleading requirements on a plaintiff who has significantly more time to develop factual support for his claims than a defendant who is only given 20 days to respond to a complaint and assert its affirmative defenses.").

As to Fark's first affirmative defense that Plaintiff has failed to state a claim, this defense is expressly permitted by Federal Rule of Civil Procedure 12(h)(2), which provides that "failure to state a claim upon which relief can be granted . . . may be raised in any pleading allowed or ordered under Rule 7(a)." Indeed, the unreported decision from the Eastern District of California relied on by Plaintiff notes that other courts in the Eastern District have denied motions to strike this defense, since "Rule 12(h)(2) provides that the defense of failure to state a claim may be made in any pleading permitted or ordered under Rule 7(a), which includes an answer." *J & J Sports Prods., Inc. v. Delgado*, No. CIV. 2:10-2517 WBS KJN, 2011 WL 219594, at *2 (E.D. Cal. Jan. 19, 2011) (quoting *Hernandez v. Balakian,* No. CV-F-06-1383 OWW DLB, 2007 WL 1649911 (E.D. Cal. June 1, 2007)). It would be well within the discretion of this Court to follow the express language of Rule 12(h)(2) and to decline Plaintiff's invitation to follow the unreported *Delgado* opinion.

For these reasons the Court should find Fark's First, Second, Third and Ninth Affirmative Defenses as properly pled and deny Plaintiff's Motion to Strike.

**B. Fark's Fifth, Sixth and Seventh Affirmative Defenses and Third Counterclaim are Properly Pled.**

Plaintiff also asks this Court to strike Fark's affirmative defenses of unclean hands, estoppel, laches and waiver and Fark's third counterclaim for a declaration of unenforceability. As noted above, a party is required to raise every defense in its first responsive pleading, and defenses not so raised are deemed waived. *Morrison*, 399 F.3d. at 1046. Here, Plaintiff fails to establish that it is a "certainty that plaintiffs

would succeed despite any state of the facts which could be proved in support of the defense," as should be required to fairly deny a defendant the procedural right to plead affirmative defenses and counterclaims. *See William Z. Salcer*, 744 F.2d at 939. Indeed, there are several scenarios that, if confirmed through discovery, will support the merits and appropriateness of these defenses and counterclaim.

As to the affirmative defenses of unclean hands, estoppel, waiver, and laches, any one or more of these defenses is sufficient to defeat Plaintiff's claim for patent infringement. *See, e.g. Keystone Driller Co. v. General Excavator Co.*, 290 U.S. 240, 246, (1933) (unclean hands); *Pharmacia & Upjohn Co. v. Mylan Pharm., Inc.,* 170 F.3d 1373, 1376-77 (Fed. Cir. 1999) (estoppel); *Altech Controls Corp. v. E.I.L. Instruments, Inc.*, 33 F. Supp. 2d 546, 554 (S.D. Tex 1998) (laches). Fark is entitled to raise defenses to claims of patent infringement, and the Federal Rules permit Fark to investigate the specific facts supporting its defenses through discovery. Thus, striking these affirmative defenses at this early stage of the litigation and before discovery has commenced would be inappropriate and prejudicial.

Furthermore (and contrary to Plaintiff's assertion), the Ninth Circuit has *not* explained how *Twombly* or *Ashcroft v. Iqbal*[3] might apply to affirmative defenses. *See* Mot. at 6:4-9 (incorrectly citing *Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1171-72 (N.D. Cal. 2010), which expressly states that "neither the Ninth Circuit nor any other Circuit Courts of Appeals has ruled on this issue"). District courts in the Ninth Circuit remain divided as to whether and how to apply *Twombly*. For example, a recent decision from the District of Arizona explains how the language Rule 8(c) differs from that contained in Rule 8(a):

> The pleading of affirmative defenses is governed by Rule 8(c). That rule requires only that a party affirmatively *state* any avoidance or affirmative defense. [citation]. It does not contain the language from

---
[3] 129 S.Ct. 1937 (2009).

- 6 -

Rule 8(a) requiring a short and plain statement of the claim *showing* the pleader is entitled to relief[.] [citation].

*Ameristar Fence Products, Inc. v. Phoenix Fence Co.*, No. CV-10-299-PHX-DGC, 2010 WL 2803907, at *1 (D. Ariz. July 15, 2010) (emphasis in original) (citations omitted). The Arizona court reasoned that "[u]nlike subsections (a) and (b), subsection (c) does not include any language requiring the party to state anything in 'short and plain' terms." *Id.* (quoting *McLemore v. Regions Bank*, Nos. 3:08-cv-0021, 3:08-cv-1003, 2010 WL 1010092, at *12 (M.D. Tenn. Mar. 18, 2010)). Thus, the Arizona court concluded "that the pleading standards enunciated in *Twombly* and *Ashcroft v. Iqbal* . . . have no application to affirmative defenses pled under Rule 8(c)." *Id.* This conclusion makes sense, especially considering that Plaintiff had "significantly more time to develop factual support for [its] claims" than did Fark, who had limited time to respond to the complaint and to assert its affirmative defenses. *See Holdbrook*, No. 09-cv-02870-LTB-BNB, 2010 WL 865380, at *2.

As to Fark's third counterclaim (which seeks a declaration of unenforceability), it would be improper to strike this counterclaim at this early stage of litigation. Plaintiff is well aware that it must meet multiple statutory and legal requirements to bring a patent infringement claim. *See* 35 U.S.C. §§ 101 *et seq*. In the pending Motion, the Plaintiff would have the Court assume that all of these requirements are met while denying the Defendant the opportunity to plead the possibility of facts which could support unenforcability of the patent in suit. This is untenable. *See Twombly*, 127 S.Ct. at 1965 ("Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."). Fark has correctly pled on information and belief that Plaintiff has reason to know that the patent-in-suit is invalid (*see* Counterclaims ¶ 18), and Fark is entitled to discovery to pursue this well-founded counterclaim. Fark intends to seek in third-party discovery and to take discovery from the Plaintiff inventor in an effort to show that the patent-in-suit

unenforceable. For example, Fark will likely seek discovery regarding prior art cited in pending patent litigation brought by Plaintiff in the Eastern District of Texas, asserting infringement claims based on the very same patent. (S*ee* Defendant Proven Ways Inc. Answer to Complaint, Docket Item 16, *Gooseberry Natural Resources, LLC v Condesa*, *Inc. et. al.*, 2:10-cv-00210-TJW). Such discovery will either support some or all of the counterclaims or not, in which case those counterclaims will be defeated and properly withdrawn at that time.

### C. Fark Is Entitled To Develop Facts To Support Its Unclean Hands Defense.

Plaintiff also moves to dismiss Fark's affirmative defense of unclean hands under Rule 9(b). Plaintiff offers no authority, however, to support its assertion that Rule 9(b) requires a party plead the defense of unclean hands with particularity at the outset of the litigation. Plaintiff's reliance on *Aptix Corp. v Quickturn Design Sys.*, 269 F.3d 1369 (Fed. Cir. 2001) is misplaced. (*See* Mot. at 7-8.) In *Aptix*, following an evidentiary hearing on the authenticity of inventor notebooks, the trial court found that the patentee had attempted to defraud court and "invok[ed] the unclean hands doctrine" in finding the patent unenforceable and dismissing the complaint. *Aptix*, 269 F.3d at 1373-74. The *Aptix* court neither discussed Rule 9(b), nor held that "unclean hands" sounds in fraud as a matter of law. Plaintiff's conclusory assertion that "under *Aptix* and Fed. R. Civ. P. 9(b)" requires the defense of unclean hands to be pled with specificity therefore lacks any authority.

Here, Fark is entitled to discovery of facts relating to its defenses and counterclaims. Plaintiff offers no basis for its request that the Court strike Fark's unclean hands defense at the outset of this litigation. Plaintiff's request should therefore be denied.

### D. In the Event the Court Grants Plaintiff's Motion, Fark Should be Granted Leave to Amend.

In the event the Court finds any of the affirmative defenses to be improperly

pled, Fark should be granted leave to amend in accordance with the Court's directive. Where a court strikes an affirmative defense, leave to amend should be freely given so long as there is no prejudice to the moving party. *Wyshak,* 607 F.2d at 826; *Qarbon.com Inc. v. eHelp Corp.,* 315 F. Supp. 2d 1046, 1049 (N.D. Cal. 2004). Furthermore, if any of Fark's defenses or counterclaims are dismissed, the Court should permit Fark to seek discovery relating to its stricken defenses and/or counterclaims. Finally, the Court should extend the time during which Fark is permitted to amend its pleadings to again bring these defenses and/or counterclaims to allow Fark time to complete discovery on these issues.

## IV.

## CONCLUSION

WHEREFORE, Fark respectfully requests that this Court deny Plaintiff's Motion to Strike Affirmative Defenses and Counterclaim, together with such other relief as the Court deems just and proper.

Dated: March 7, 2011

Respectfully submitted,

ARNOLD & PORTER LLP

By: s/Ryan M. Nishimoto
Ryan M. Nishimoto

Of Counsel:
JAMES C. SCOTT
jscott@ralaw.com
JOSEPH M. RUSCAK
jruscak@ralaw.com
ROETZEL & ANDRESS, LPA
222 South Main Street
Akron, OH 44308
Telephone: 330.376.2700
Facsimile: 330.376-4577

Attorneys for Defendant FARK, INC.