FILED

2011 MAR 28  PM 3: 03

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY

1  JAMES C. SCOTT*
   jscott@ralaw.com
2  JOSEPH M. RUSCAK*
   jruscak@ralaw.com
3  ROETZEL & ANDRESS, LPA
   222 South Main Street
4  Akron, OH 44308
   Telephone: 330.376.2700
5  Facsimile: 330.376.4577
6  * Admitted Pro Hac Vice

7
   RYAN M. NISHIMOTO (SBN 235208)
8  ryan.nishimoto@aporter.com
   ARNOLD & PORTER, LLP
9  777 South Figueroa Street, 44th Floor
   Los Angeles, CA 90017-5844
10 Telephone: 213.243.4000
   Facsimile: 213.243.4199
11

12 Attorneys for Defendant and Counterclaimant
   FARK, INC.
13

14              UNITED STATES DISTRICT COURT

15              CENTRAL DISTRICT OF CALIFORNIA

16 GOOSEBERRY NATURAL                CASE NO. 2:10-CV-09220-JHN-CW
   RESOURCES, LLC,
17                                   **ANSWER AND
                    Plaintiff,       COUNTERCLAIMS OF FARK,
18                                   INC. TO PLAINTIFF'S FIRST
   v.                                AMENDED COMPLAINT**
19
   ADVANCE MAGAZINE                  **DEMAND FOR JURY TRIAL**
20 PUBLISHERS, INC., et al.,
                                     Hon. Jacqueline H. Nguyen
21                  Defendants.

22
   FARK, INC.,
23
                    Counterclaimant,
24
   v.
25
   GOOSEBERRY NATURAL
26 RESOURCES, LLC,

27                  Counterdefendant.

28

## ANSWER

Defendant and Counterclaimant, Fark, Inc. ("Fark"), by and through counsel, files this Answer to Plaintiff Gooseberry Natural Resources, LLC's ("Gooseberry" or "Plaintiff") First Amended Complaint for Patent Infringement ("Complaint"), and responds as follows:

## NATURE OF THE ACTION

1.      With respect to the allegations of paragraph 1 of the Complaint, Fark does not have knowledge or information sufficient to form a belief as to the truth or the nature of Gooseberry's alleged rights in United States Patent No. 6,370,535 ("the '535 patent") and therefore denies the same.  Fark admits that Gooseberry's Complaint purports to assert patent infringement claims against Defendants regarding the '535 patent.  Fark also admits that a copy of the '535 patent is purported to be attached to the Complaint as Exhibit A.  Fark denies all other allegations of paragraph 1 of the Complaint.

## PARTIES

2.      Fark does not have knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2 of the Complaint and therefore denies the same.

3.      Fark does not have knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3 of the Complaint and therefore denies the same.

4.      Fark does not have knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 of the Complaint and therefore denies the same.

5.      Fark does not have knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5 of the Complaint and therefore denies the same.

6.    Fark admits that is a Delaware corporation that it has a principal place of business at 424 Gleneagles Way, Versailles, KY 40383.  Fark denies all other allegations of paragraph 6 of the Complaint.

7.    Fark does not have knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 of the Complaint and therefore denies the same.

8.    Fark does not have knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 of the Complaint and therefore denies the same.

9.    Fark does not have knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9 of the Complaint and therefore denies the same.

10.    Fark does not have knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 of the Complaint and therefore denies the same.

11.    Fark does not have knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 of the Complaint and therefore denies the same.

12.    Fark does not have knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 of the Complaint and therefore denies the same.

## JURISDICTION AND VENUE

13.    With respect to the allegations of paragraph 13 of the Complaint, Fark admits that this action purports to assert a claim for patent infringement arising under United States patent laws, including 35 U.S.C. § 271.  The remainder of the allegations in paragraph 13 state legal conclusions to which no response is required.  To the extent a response is deemed to be required, however, Fark denies such allegations.

- 2 -

14.     With respect to the allegations of paragraph 14 of the Complaint, Fark admits that this Court has personal jurisdiction over Fark.  Fark does not have knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14 of the Complaint concerning any other Defendant and therefore denies the same.  The remainder of the allegations in paragraph 14 state legal conclusions to which no response is required.  To the extent a response is deemed to be required, however, Fark denies such allegations.

15.     With respect to the allegations of paragraph 15 of the Complaint, Fark admits that this Court has personal jurisdiction over Fark.  Fark does not have knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 of the Complaint concerning any other Defendant and therefore denies the same.  The remainder of the allegations in paragraph 15 state legal conclusions to which no response is required.  To the extent a response is deemed to be required, however, Fark denies such allegations.

16.     Fark denies venue is proper in this Court.

## COUNT I – PATENT INFRINGEMENT

17.     With respect to the allegations of paragraph 17 of the Complaint, Fark admits that the '535 patent was issued on April 9, 2002.  Fark does not have knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 17 of the Complaint and therefore denies the same.

18.     Fark does not have knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18 of the Complaint and therefore denies the same.

19.     Fark does not have knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19 of the Complaint and therefore denies the same.

20.     Fark does not have knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20 of the Complaint and therefore denies the same.

21.     Fark admits that it owns and operates the website located at www.fark.com.  Fark denies the remaining allegations of paragraph 21 of the Complaint.

22.     Fark does not have knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22 of the Complaint and therefore denies the same.

23.     Fark does not have knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23 of the Complaint and therefore denies the same.

24.     Fark does not have knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24 of the Complaint and therefore denies the same.

25.     Fark does not have knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25 of the Complaint and therefore denies the same.

26.     Fark does not have knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26 of the Complaint and therefore denies the same.

27.     Fark does not have knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27 of the Complaint and therefore denies the same.

28.     With respect to the allegations of paragraph 28 of the Complaint, Fark admits that there is no agreement to which it is a party that expressly identifies the '535 patent.  Fark does not have knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28 of the Complaint concerning any

other Defendant and therefore denies the same.  Except as expressly admitted, Fark denies the allegations of paragraph 28.

29.     Fark denies the allegations of paragraph 29 of the Complaint insofar as they relate to Fark.  Fark does not have knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29 of the Complaint concerning any other Defendant and therefore denies the same.

30.     Fark denies the allegations of paragraph 30 of the Complaint insofar as they relate to Fark.  Fark does not have knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30 of the Complaint concerning any other Defendant and therefore denies the same.

### JURY DEMAND

31.     This paragraph contains Plaintiff's request for a trial by jury and does not require a response from Fark.

### PRAYER FOR RELIEF

Fark denies that Plaintiff is entitled to any relief.

### AFFIRMATIVE DEFENSES

Plaintiff's claims may be barred, in whole or in part, by operation of the following:

### FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

32.     Plaintiff has failed to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

(No Infringement)

33.     Defendant does not and has not infringed, directly or indirectly, contributed to or induce the infringement of any valid and enforceable claim of the '535 patent, either literally or under the doctrine of equivalents.

### THIRD AFFIRMATIVE DEFENSE

(Invalidity)

34.   The '535 patent is invalid under the patent laws of the United States, 35 U.S.C. §101 *et seq.*, including without limitation §§101, 102, 103 and/or 112.

### FOURTH AFFIRMATIVE DEFENSE

(Unclean Hands)

35.   Plaintiff's claims to enforce one or more of the claims in the '535 patent are barred by the doctrine of unclean hands or other defenses based upon principles of equity because upon information and belief, Plaintiff knows, or has reason to know, that the claims of the '535 Patent are invalid.

### FIFTH AFFIRMATIVE DEFENSE

(Prosecution History Estoppel)

37.   Plaintiff is precluded as a matter of law, including under the doctrine of prosecution history estoppel, from asserting any construction of the claims of the '535 patent that would cover the activities, good or services of Fark.

### SIXTH AFFIRMATIVE DEFENSE

(Lack of Standing)

39.   Plaintiff lacks standing to bring this Complaint.

**WHEREFORE**, Defendant respectfully requests that this Court dismiss Plaintiff's Complaint with prejudice, enter judgment that the '535 patent is invalid, unenforceable and not infringed, and grant such other relief as this Court deems just and proper, including Fark's attorneys' fees and costs pursuant to 35 U.S.C. §285.

## COUNTERCLAIMS FOR DECLARATORY RELIEF

For its Counterclaims against Gooseberry Natural Resources, LLC ("Gooseberry"), Fark, Inc., ("Fark") states as follows:

### THE PARTIES

1.     Fark is an Delaware corporation with a principal place of business at 424 Gleneagles Way, Versailles, KY 40383.

2.     Upon information and belief, Gooseberry is a Texas corporation with a principal place of business at 101 East Park Blvd, Suite 600, Plano, TX, 75074.

### JURISDICTION

3.     This Court has jurisdiction over Defendant's counterclaims pursuant to 28 U.S.C. §§1331 and 1338, and the Declaratory Judgment Act, 28 U.S.C. §§2201 and 2202, and the patent laws of the United States, Title 35 of the United States Code, Section 1, *et seq.*

4.     In this action, through its Complaint, Gooseberry alleges that it is an exclusive licensee to U.S. Patent No. 6,370,535 ("the '535 patent") and that Fark has infringed the '535 patent, induced infringement of the '535 patent, and/or contributed to the infringement of the '535 patent.

5.     Gooseberry is aware of prior art, examples of which are provided in Exhibits A through F, which it believes invalidates the '535 patent under 35 U.S.C. §§ 102 and/or 103.

6.     Furthermore, upon information and belief the examples, provided in Exhibits A through F, all predate the filing date of the '535 patent and would form a basis for unpatentability under 35 U.S.C. § 103, per KSR Int'l Co. v. Teleflex, Inc. 550 U.S. 398 (2007).

7.     Upon information and belief the claims of the '535 patent do not meet the requirements under 35 U.S.C. § 101 for patentable material, as the patent directed the trivial transformation of words and phrases into a paragraph called a "press release" blatantly violating the rules and guidelines set out by the Supreme Court of

the United States in the case of Bilski v. Kappos, No. 08-964, SUPREME COURT OF THE UNITED STATES, November 9, 2009, Argued, June 28, 2010, Decided, further citing Gottschalk v. Benson, 409 U.S. 63 (1972).

8.     Fark denies Gooseberry's allegations that the '535 patent is valid and enforceable, denies that it has infringed the '535 patent, and further denies that it has induced infringement of the '535 patent or that it has contributed to the infringement of the '535 patent.

9.     As a result, there is an actual and justiciable controversy between the parties concerning the validity, enforceability and alleged infringement by Fark of the '535 patent.

<u>COUNT I</u>

<u>(Declaration of Invalidity)</u>

10.     Fark repeats and realleges the allegations of the preceding paragraphs one (1) through nine (9), as if fully set forth herein.

11.     Upon information and belief, the '535 Patent is invalid, because the alleged invention contained therein fails to satisfy one or more conditions for patentability specified in Title 35, U.S.C., including §§101, 102, 103, and/or 112.

12.     An actual controversy exists within the meaning of 28 U.S.C. §2201 between the parties as to whether the '535 patent is valid.

13.     Fark requests an order of the court declaring that the '535 patent is invalid as a matter of law under 35 U.S.C. §§101, 102, 103 and/or 112.

<u>COUNT II</u>

<u>(Declaration of Non-Infringement)</u>

14.     Fark repeats and realleges the allegations of the preceding paragraphs one (1) through  thirteen (13), as if fully set forth herein.

15.     In its Complaint, Gooseberry alleged that Fark has infringed one or more claims of the '535 patent, has induced others to infringe one or more claims the '535

1   patent, and has contributed to the infringement of one or more claims of the '535

2   patent.

3       16.     Upon information and belief, Gooseberry has mischaracterized Fark's

4   website as a method for structured generation of a news release.

5       17.     Fark denies that it has infringed, induced infringement, or contributed to

6   the infringement of one or more claims of the '535 patent.

7       18.     An actual controversy exists within the meaning of 28 U.S.C. §2201

8   between the parties regarding the alleged infringement of the '535 patent.

9       19.     Fark requests an order of this Court declaring that Fark has not infringed

10  any claim of the '535 patent, that it has not induced infringement of any claim of the

11  '535 patent, and that it has not contributed to the infringement of any claim of the

12  '535 patent.

## COUNT III

### (Declaration of Unenforceability)

15      20.     Fark repeats and realleges the allegations of the preceding paragraphs

16  one (1) through nineteen (19), as if fully set forth herein.

17      21.     Upon information and belief, Gooseberry has reason to know that the

18  '535 patent is invalid under the provisions of 35 U.S.C. §101 *et seq.*, particularly if

19  the claims of the '535 patent are construed in such a manner as to cover Fark's

20  services, products or conduct.

21      22.     As a result, Fark requests an order of the Court declaring that the claims

22  of the '535 patent are unenforceable and that this is an exceptional case under 35

23  U.S.C. §285.

24

25      WHEREFORE, in the alternative, Fark prays for entry of:

26      (a)     a declaratory judgment that the claims of the '535 patent are invalid;

27

28

1       (b)    a declaratory judgment that Fark has not infringed, has not induced

2   infringement of, and has not contributed to the infringement of any claim of the '535

3   patent;

4       (c)    a declaratory judgment that the '535 patent is unenforceable;

5       (d)    a dismissal with prejudice of Gooseberry's Complaint;

6       (e)    an order prohibiting Gooseberry and its officers, agents, employees,

7   representatives, counsel and all persons in active concert or participation with any of

8   them, directly or indirectly, from threatening or charging infringement of, or

9   instituting any action for infringement of the '535 patent against Fark, its suppliers,

10  customers or any distributor or user of its products;

11      (f)    an order finding that this is an "exceptional case" and on award to Fark

12  of its costs and reasonable attorneys fees incurred in this action; and

13      (g)    an award granting Fark such other and further legal and equitable relief

14  as the Court deems just and proper.

16  Dated:  March 28, 2011        ARNOLD & PORTER LLP

18          By: _____

        Ryan M. Nishimoto

20          Of Counsel:

        JAMES C. SCOTT*

21          jscott@ralaw.com

        JOSEPH M. RUSCAK*

22          jruscak@ralaw.com

        ROETZEL & ANDRESS, LPA

23          222 South Main Street

        Akron, OH 44308

24          Telephone: 330.376.2700

        Facsimile: 330.376.4577

26          Attorneys for Defendant FARK, INC.

27          *Admitted Pro Hac Vice*

1  **JURY DEMAND**

2      Defendant hereby demands a trial by jury on all issues triable by a jury alleged

3  or relating to this litigation.

4

5  _____

6  Ryan M. Nishimoto

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

< < < Return Home

# Prior Art to Patent No. 6,370,535 (main/parent patent filed August 20, 1999)

1. BusinessWire - Archive.org from October 31, 1996 (BusinessWire Archive.org Index)
BW Connect Online Ordering System for Internet Submission of News from April 21, 1999 (left-hand menu)

2. gina Internet Wire - Archive.org from November 5, 1996 (gina Internet Wire Archive.org Index)
Online Order form from November 5, 1996

3. Canada Newswire - Archive from November 12, 1996 (Canada Newswire Archive.org Index)
Mentions about news releases being stored online and in an Internet database - from February 4, 1998.

4. PR Newswire - Archive.org from December 28, 1996 (PR Newswire Archive.org Index)
PRN Launches PRN Direct Ordering System for Internet Submission of News - dated November 6, 1997

5. PRNewsTarget - Archive.org from January 26, 1997 (PRNewsTarget Archive.org Index)
Online Order Form Landing Page from January 26, 1997

6. XpressPress - Archive.org from April 19, 1997 (XpressPress Archive.org Index)
Online Order Form from April 19, 1997

7. Internet News Bureau - Archive.org from June 1, 1997 (Internet News Bureau Archive.org Index)
Online Order Form from June 1, 1997

8. Majon - Archive.org from December 11, 1997 (Majon Archive.org Index)
Majon Press Release Description Page from December 11, 1997
Majon Press Release Description Page (2) from August 8, 1998
Majon Example of Press Release from December 11, 1997 - dated June 22, 1997

Exhibit A

Prior Art

9.  PR Centre (VERY SLOW LOADING - screenshot here) - Archive.org
    from January 15, 1998 (PR Centre Archive.org Index)
    Online Order Form from January 15, 1998 (VERY SLOW LOADING -
    screenshot here and here)

10.  PR Web - Archive.org from January 17, 1998 (PR Web Archive.org
     Index)
     Online Order Form Landing Page from January 17, 1998
     Online Order Form (for Members) from January 17, 1998
     Online Order Form (for New Users) from January 17, 1998

11.  USA News - Archive from December 6, 1998 (USA News Archive.org
     Index)
     Online Order Form from December 6, 1998

12.  U-Wire - Archive.org from January 29, 1998 (U-Wire Archive.org
     Index)
     Online Order Form from January 29, 1998

13.  Internet Wire (Currently MarketWire) - Archive.org from December
     12, 1998 (Internet Wire Archive.org Index)
     Online Order Form from December 12, 1998

14.  URLwire - Archive.org from April 6, 1997 ( Archive.org Index)
     Comparison of several "E-mail News-Release Services" from April 6,
     1997

15.  MediaLink - Archive.org from January 16, 1998 ( Archive.org Index)
     Print Media Distribution Page from January 16, 1998

16.  US Newswire - Archive.org from January 28, 1998 (US Newswire
     Archive.org Index)

17.  PressFlash - Archive.org from December 2, 1998 (Press Flash
     Archive.org Index)

18.  PrimeZone (Currently GlobeNewswire.com) - Archive.org from
     December 3, 1998 (PrimeZone Archive.org Index)
     Press release of launch - dated August 27, 1998

19.  WebWire - Archive.org from April 24, 1999 (Webwire Archive.org
     Index)

20.  Press Release Network - Archive.org from February 8, 1999 (Press
     Release Network Archive.org Index)

# EXHIBIT B



*gina MENU*
Technology News Tips
ExpertNet
NetLinks
Services
Multimedia Kits
Email Summaries
Corporate Profiles

Contact Us

# Internet Wire Press Release Submission Form

Reach thousands of technology reporters/editors via email and stay on the Web for 90 days, for a price that's even less than the U.S. mail! To submit a release for distribution over the Internet Wire, simply fill out the form below. Please indicate when you would like the release to go out (we need a minimum of 24 hours prior notice) and include the name of the person to whom the invoice should be sent. Releases will not be distributed unless the entire form is completed. You can either "copy and paste" the release in the form below or email it to us as a Microsoft Word attachment. If you send your release as an email attachment, please type "attachment" in the "Press Release" box below. You will be invoiced $250 per press release. If you have questions or need more information, please feel free to call us at 1-800-414-gina, ext. 107.

Billing Information:

| | |
|---|---|
| Company: | Name: |
| Address: | City: |
| State: | Zip: |
| Phone: | Fax: |
| Email: | URL: |

Distribution Date and Time:

Press Release:

Other Remarks:

Click submit to send editorial update by email.

Click reset to clear the form and start over.

Exhibit B

*14*

# EXHIBIT C



# PR Newswire Launches 'PRN Direct' for Internet Submission of News

NEW YORK, Nov. 6 /PRNewswire/ -- PR Newswire, the world's leading electronic distributor of full-text corporate news, has introduced PRN Direct, (http://web.archive.org/web/19980116025540/https://prndirect.prnewswire.com/) through which customers can submit news releases via the Internet to PR Newswire for distribution. The announcement was made by John M. Williams, PR Newswire senior vice president.

Once received by PRN, the releases are processed and transmitted to the media and financial community according to the demographic requirements of the customer.

"PRN Direct requires no special software or hardware on the part of the client save for access to the Internet," said Williams. "With that, professional communicators at companies and agencies can select their distribution, the date and time for the transmission, attach the file containing their release, and send it all directly to PRN. It speeds things along significantly."

All information submitted via PRN Direct is protected by SSL encryption for optimal security. A systematic procedure of contact between PR Newswire and the originator of the release will also assist in confirming the credibility of the sender. There is no charge to the PR Newswire member for using PRN Direct.

PR Newswire, headquartered in New York with 27 bureaus nationwide and a new office in London, specializes in the global electronic distribution of news releases. Other services include broadcast fax, broadcast email and fax- on-demand. PRN's highly acclaimed Web site (http://web.archive.org/web/19980116025540/http://www.prnewswire.com/) contains a company news archive with the latest news and earnings reports of more than 1,000 companies. The PRN Press Room (http://www.prnmedia.com) is a password-protected Web site designed exclusively for journalists.

CONTACT: John M. Williams, PR Newswire, 800-832-5522. x1520 or email John_Williams@prnewswire.com

---

**PR NEWSWIRE**
home

(Today's News) (Company News On-Call) (Feature News) (Automotive)
(Entertainment) (Health/Biotech) (Technology) (Financial) (Washington and the World)
(Hispanic/Latin America)(Money Talks) (About PRN) (Ask PRN) (Links) (PRN Events)

---

These pages have been optimized for Netscape v.2.0 or later

©1998 PR Newswire. All rights reserved.

Exhibit C

# EXHIBIT D

Distribution request form





"Thanks for the way you handle news releases. I've had to set my e-mail to automatically reject releases from certain other companies"
Jake Widman, Editor, PUBLISH

### Instructions

It's simple. Just click *Send News!* below to submit your press release via the web. Within an hour, your news will be on the desktops of hundreds of editors with a direct interest in your story, because we tailor the distribution based on the topic and content of each release, as well as hard research that identifies editors who are *actively* writing about products like yours.

<u>Go to secure *Send News!* order form</u> ▶

*Please feel free to call us at* **503-646-4515** *if you have any questions or wish to confirm that we received your request.*



Ariel
PR Technologies
Tel: (503) 646-4515
Fax: (503) 646-6717
info@arialmktg.com
© 1996
Ariel Marketing, Inc.

Exhibit D

16

# EXHIBIT E

Internet Wire - Submit Press Release

Page 1 of 2

TECHNOLOGY NEWS | FINANCIAL NEWS



www.internetwire.com

**NAVIGATION**
<u>Submit Release</u>
<u>Subscribe Now</u>

<u>Daily Debuts</u>
<u>Financial News</u>
<u>Expert Net</u>
<u>Net Links</u>

**Search Archives**

| ENTIRE SITE |
<u>Search By Date</u>
**Services**
<u>Overview</u>
<u>Reseller Program</u>
<u>Partnerships</u>
<u>Advertising</u>
<u>Distribution Lists</u>
**About Us**
<u>Company Info</u>
<u>Contact Us</u>
<u>Now Hiring</u>

Comments?
<u>E-mail Us</u>

### Press Release Distribution Form

Reach thousands of top Technology Media Outlets via the Internet Wire(sm). To submit a release for distribution over the Internet Wire, simply fill out the form below. The cost is $225 per release. You will be invoiced, per release, via postal mail. For more information, call 1-800-414-4462 or email: <u>info@internetwire.com</u>.

**Internet Wire Distribution:**

- Daily email distribution to 7,000+ technology media
- Top daily & national newspapers
- Premier technology and business periodicals
- Major television/radio outlets and industry user groups
- Additional delivery via PointCast, NetCaster, Active Channels and WorldFlash
- Syndication on news sites around the Web
- International distribution included
- No word-count restrictions or "membership" fees
- Free Web posting, hyperlinking and archiving for 90 days

**Press Release Requirements:**

- Must be received 24 hours prior to requested distribution date
- Must contain media contact information, including phone and email
- "Copy and Paste" in ascii text format (no HTML formatting)

Questions? Call: 1-800-414-4462 or Email: **info@internetwire.com**

### BILLING INFORMATION

| | |
|---|---|
| **First Name** | |
| **Last Name** | |
| **Company** | |
| **Address** | |
| **City** | |
| **State** | |
| **Zip Code** | |
| **Country** | |
| **Phone** | |
| **E-mail** | |
| Fax | |
| URL | |

### PRESS RELEASE INFORMATION

Exhibit E

**Distribution Date & Time**

Promo ID / Reseller Number

**Attach Your Press Release.**

Click Browse to attach your Microsoft Word Release

Browse...

Or, if your browser does not support attachments,
you may cut and paste your release here:

Submit Press Release

*Copyright © 1994-98 Internet Wire Inc.*

**PROOF OF SERVICE**

1. I am over eighteen years of age and not a party to this action.  I am employed in the County of Los Angeles, State of California.  My business address is 777 South Figueroa Street, 44th Floor, Los Angeles, California 90017-5844.

2. On March 28, 2011, I served the following document(s):

☑ **ANSWER AND COUNTERCLAIMS OF DEFENDANT, FARK, INC. TO PLAINTIFF'S FIRST AMENDED COMPLAINT and DEMAND FOR JURY TRIAL.**

☐ The document(s) served are included in the attached List of Documents.

3.  ☑ I served the document(s) on the following person(s):

Steven W. Ritcheson, Esq.
White Field, Inc.
9800 D Topanga Canyon Blvd. #347
Chatsworth, California 91311

Jason C. White
Mansi H. Shah
MORGAN, LEWIS & BOCKIUS LLP
77 West Wacker Drive
Chicago, IL 60601-5094

Marc J Shrake
Squire Sanders amd Dempsy
555 S Flower Street 31st Fl
Los Angeles, CA 90071

Michael D. Pegues
Bracewell & Giuliani LLP
1445 Ross Avenue, Suite 3800
Dallas, Texas 75202-2711

☐ The names, addresses, and other applicable information about the persons served is included in the attached Service List.

4. The documents were served by the following means:

☑ **By U.S. mail**.  I enclosed the document(s) in a sealed envelope or package addressed to the person(s) at the address(es) in Item 3 and **(check one)**:

☐ deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

☑ placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with this business' practice for collecting and processing correspondence for mailing.  On the same day the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I am employed in the county where the mailing occurred. The envelope or package was placed in the mail at Los Angeles, California.

☐ **By Overnight Delivery/Express Mail**. I enclosed the documents and an unsigned copy of this declaration in a sealed envelope or package designated by **[name of delivery company or U.S. Postal Service for Express Mail]** addressed to the persons at the address(es) listed in Item 3, with **[Express Mail postage or, if not Express Mail, delivery fees]** prepaid or provided for. I placed the sealed envelope or package for collection and delivery, following our ordinary business practices. I am readily familiar with this business' practice for collecting and processing correspondence for express delivery. On the same day the correspondence is collected for delivery, it is placed for collection in the ordinary course of business in a box regularly maintained by **[name of delivery company or U.S. Postal Service for Express Mail]** or delivered to a courier or driver authorized by **[name of delivery company]** to receive documents.

☐ **By Messenger Service**. I served the documents by placing them in an envelope or package addressed to the persons at the address(es) listed in Item 3 and providing them to a professional messenger service for service. (*See* Declaration of Messenger below.)

☐ **By Facsimile Transmission**. Based on an agreement between the parties to accept service by facsimile transmission, which was confirmed in writing, I faxed the document(s) and an unsigned copy of this declaration to the person(s) at the facsimile numbers listed in Item 3 on [type date], at [type time]. The transmission was reported as complete without error by a transmission report issued by the facsimile machine that I used immediately following the transmission. A true and correct copy of the facsimile transmission report, which I printed out, is attached hereto.

☐ **By Electronic Service (E-mail)**. Based on a court order or an agreement of the parties to accept service by electronic transmission, I transmitted the document(s) and an unsigned copy of this declaration to the person(s) at the electronic notification address(es) listed in Item 3 on **[type date]** before 5:00 p.m. PST. **(add, as applicable)**

    ☐    The transmission of the document was reported as complete and without error by electronic receipt of a delivery confirmation, a true and correct copy of which is attached hereto.

    ☐    I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐ **Via Court Notice of Electronic Filing**. The document(s) will be served by the court via NEF and hyperlink to the document. On **[type date]**, I checked the CM/ECF docket for this case or adversary proceeding and determined that the person(s) listed in Item 3 are on the Electronic Mail Notice List to receive NEF transmission at the email addresses indicated in Item 3 **[or on the attached service list, if applicable]**.

☐ **STATE**: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☑ **FEDERAL**: I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Dated: <u>March 28, 2011</u>      Signature <u>Jacqui Tollefson</u>

                        Type or Print Name: <u>Jacqui Tollefson</u>